UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALCIDES RODRÍGUEZ-DURÁN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 08-2297 (JAF)<br><br>(Crim. No. 05-309) |

**OPINION AND ORDER**

Petitioner, Alcides Rodríguez-Durán, brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)  Respondent, the United States of America, opposes (Docket No. 3), and Petitioner replies (Docket No. 5).

**I.**

**Factual and Procedural History**

On September 14, 2005, a federal grand jury indicted Petitioner and nine other individuals on charges of (1) conspiracy to possess cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States; (2) knowingly aiding and abetting each other in possessing cocaine with intent to distribute; and (3) a forfeiture of proceeds derived from the above violations. (Case No. 05-309, Docket No. 23.) These charges stemmed from an inspection by the United States Coast Guard on August 25, 2005, of the Bolivian vessel Sea Atlantic, which Petitioner captained. United States v. Rodríguez-Durán, 507 F.3d 749, 754-57 (1st Cir. 2007). While patrolling the South American coast, the Coast Guard received notice that the Sea Atlantic was rendezvousing with a small boat. Id. at

754. This suspicious action prompted the Coast Guard to approach the vessel and, after receiving the necessary permission from the Bolivian government, inspect it. They found a large quantity of cocaine in a secret compartment in one of the berthing rooms. Id. at 755. On October 24, 2005, Petitioner was found guilty of all three counts after a five-day jury trial. (Case No. 05-309, Docket No. 133.)

We held a sentencing hearing on January 30, 2006. (Case No. 05-309, Docket No. 202.) We sentenced Petitioner to 292 months in prison, five years of supervised release, and a special monetary assessment of two hundred dollars. (Case No. 05-309, Docket No. 203.) Petitioner appealed and, on November 21, 2007, the First Circuit affirmed his sentence. Rodríguez-Durán, 507 F.3d 749.

Petitioner moved for § 2255 relief on November 13, 2008. (Docket No. 1.) Respondent opposed on January 16, 2009 (Docket No. 3), and Petitioner replied on February 17, 2009 (Docket No. 5).

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the grounds that, inter alia, it "was imposed in violation of the Constitution or laws of the United States . . . ." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements of

fact.'" United States v. Rodríquez Rodríquez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

### Analysis

Because Petitioner is pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts that his sentence was unconstitutional because (1) the vessel he was sailing was not subject to United States jurisdiction and he is consequently actually and factually innocent of committing a federal drug offense; (2) the jurisdictional section of the statute under which he was convicted, the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70504(a),[1] is invalid because Congress lacks the power to remove all jurisdictional issues from the jury; and (3) his attorney was ineffective. (Docket No. 1.)

**A.   Lack of Jurisdiction**

Petitioner claims that the vessel was not subject to United States jurisdiction and that Respondent failed to establish subject-matter jurisdiction. (Docket No. 1.) He further asserts that he is actually and factually innocent of committing a federal drug offense.

---

[1] Congress amended the MDLEA in 1996 and made jurisdiction over vessels a preliminary question of law. United States v. Vilches-Navarrete, 523 F.3d 1, 9 n.5 (1st Cir. 2008). In the record, parties refer to 46 U.S.C. § 1903(f). This statute was in all material respects recodified in October 2006 at 46 U.S.C. § 70504.

(Id.) Respondent counters, inter alia, that the issue was already raised on appeal by a co-defendant and that Petitioner failed to make a showing of actual innocence. (Docket No. 3.)

The decision of legal issues by an appellate court establishes the "law of the case" in a subsequent appeal by a co-defendant. United States v. Paquette, 201 F.3d 40, 42-43 (1st Cir. 2000) (citing United States v. Rosen, 929 F.2d 839, 842 n.5 (1st Cir. 1991); United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999)). This is true "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." Rosen, 929 F.2d at 842 n.5 (citing White v. Murtha, 377 F.2d 428, 431-32 (5th Cir. 1967)). Accordingly, issues in a 28 U.S.C. § 2255 motion that have been resolved by a prior appeal will not be reviewed again. Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991) (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)).

In Petitioner's consolidated direct appeal, co-defendant Ronald José Morelis-Escalona argued that his conviction was flawed because the government failed to prove that the vessel was subject to United States jurisdiction. Rodríguez-Durán, 507 F.3d at 761-62. The First Circuit found that the flag nation's consent to jurisdiction was sufficient and that the MDLEA does not require as a jurisdictional prerequisite that the defendant's actions have affected the United States. Id. (citing United States v. Bravo, 489 F.3d 1, 7 (1st Cir. 2007); United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999)). It also held that the Coast Guard had properly obtained consent from

the Bolivian government to board and search the vessel and that the evidence was sufficient to dismiss Morelis' jurisdictional challenge. Id. at 757 n.9, 762.

Petitioner was a party to Morelis' appeal and his claims are based on the same evidence. See id. at 749. There have been no relevant changes in the law since the appeal and the decision in Rodríguez-Durán does not seem erroneous or unjust. Therefore, we dismiss Petitioner's jurisdictional claim. See Rosen, 929 F.2d at 842 n.5. As Petitioner's allegation that he was actually and factually innocent was premised on lack of jurisdiction (Docket No. 1), we likewise dismiss this claim.

**B.     Removal of Jurisdictional Issue From the Jury**

Petitioner claims that 46 U.S.C. § 70504(a) is invalid because Congress does not have the power to remove all jurisdictional issues from the jury and that he was consequently denied his rights under the Sixth Amendment. (Docket No. 1.) Respondent argues that the jurisdictional determination is not an element of the offense under the statute. (Docket No. 3.)

Under the MDLEA, jurisdictional issues are "preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a). The jurisdictional issue is not an element of the offense. See Vilches-Navarrete, 523 F.3d at 12 (citing United States v. Guerrero, 114 F.3d 332, 340 n.9 (1st Cir. 1997)). The First Circuit has suggested that giving judges the power to determine jurisdictional issues is constitutional. See id. at 19-23 (Lynch, J. and Howard, J., concurring); accord United States v. Tinoco, 304 F.3d 1088, 1111-12 (11th Cir. 2002). But see, e.g., United States v.

Perlaza, 439 F.3d 1149, 1167 (9th Cir. 2006). Therefore, we dismiss Petitioner's claim that 46 U.S.C. § 70504(a) is unconstitutional.

**C.   Ineffective Assistance of Counsel**

Petitioner asserts that his trial attorney was ineffective because he failed to (1) conduct pretrial and trial investigation, interview the government's witnesses prior to trial, or file more than five motions; (2) bring on appeal the issues Petitioner now raises regarding the lack of jurisdiction and the unconstitutionality of 46 U.S.C. § 70504(a); and (3) file a motion to suppress the drugs seized. (Docket No. 1.) Respondent counters that Petitioner failed to establish prejudice and his claims are without merit because Petitioner did not support his allegations and counsel has wide latitude to make decisions regarding a case. (Docket No. 3.)

To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 686-96 (1984). To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. However, a presumption of prejudice is appropriate when "counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding" or when counsel failed to test the prosecutor's case.

United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984); see also Bell v. Cone, 535 U.S. 685, 697 (2002) (finding that for a court to "presum[e] prejudice based on an attorney's failure to test the prosecutor's case, . . . the attorney's failure must be complete"). Counsel's failure is deemed incomplete if he cross-examined witnesses, put on a defense, made objections, and presented a closing argument. See United States v. Theodore, 468 F.3d 52, 57 (1st Cir. 2006) (citation omitted); Millender v. Adams, 376 F.3d 520, 524 (6th Cir. 2004).

An attorney has a duty to conduct a reasonable investigation in order to advise and represent his client. See Strickland, 466 U.S. at 691. In assessing the reasonableness of the investigation, a court has to consider the amount of evidence already known to the attorney and whether a reasonable attorney would investigate further. Wiggins v. Smith, 539 U.S. 510, 527 (2003). A court must apply a "heavy measure" of deference to counsel's judgments during the investigation. Strickland, 466 U.S. at 690-91. To find ineffective assistance of counsel based on the failure to investigate, petitioner must generally show that his conviction would have been nearly impossible based on the evidence the investigation would have produced. Reyes-Vejerano v. United States, 117 F. Supp.2d 103, 107 (D.P.R. 2000) (citing Passos-Paternina v. United States, 12 F. Supp.2d 231, 236 n.4 (D.P.R. 1998)). He must "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Counsel may select from among non-frivolous claims to increase the likelihood of success on appeal. Smith v. Robbins, 528 U.S. 259, 288 (2000). However, counsel is under no obligation to raise meritless claims and the failure to do so does not imply ineffective assistance of counsel. Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (citing McMann v. Richardson, 397 U.S. 759 (1970)). Issues raised on appeal in a perfunctory manner, that are not accompanied by developed argumentation, are deemed waived. United States v. Rosario-Peralta, 199 F.3d 552, 563 n.4 (1st Cir. 1999) (citing United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997)).

To begin with, Petitioner contends that we should apply the Cronic standard and presume prejudice. (Docket Nos. 1, 5.) However, counsel's alleged failure is far from complete. See Cronic, 466 U.S. at 659 & n.25; Bell, 535 U.S. at 696-97. Petitioner's attorney made several motions and objections during the trial (Case No. 05-309, Docket Nos. 125, 126), put on a duress defense, delivered a closing statement, and directly examined Petitioner during trial, Rodríguez-Durán, 507 F.3d at 756-58. See Theodore, 468 F.3d at 57; Millender, 376 F.3d at 524. Petitioner has failed to allege facts showing that counsel was totally absent or was otherwise prevented from assisting him during the proceedings. See Cronic, 466 U.S. at 659 & n.25. Therefore, we do not presume prejudice. See Strickland, 466 U.S. at 687.

Petitioner asserts that his trial attorney was ineffective because he failed to conduct pretrial and trial investigation, interview the government's witnesses prior to trial, or file more

than five motions. (Docket No. 1.) However, Petitioner fails to further develop his arguments. See Rosario-Peralta, 199 F.3d at 563 n.4. He has not identified exculpatory evidence or potential defense witnesses that counsel could have interviewed had he investigated the case more thoroughly. See Green, 882 F.2d at 1003. Thus, these assertions fail to satisfy the Strickland prejudice prong. See Strickland, 466 U.S. at 694; Reyes-Vejerano, 117 F.Supp.2d at 107; Green, 882 F.2d at 1003.

Also, Petitioner contends that counsel was ineffective because he failed to file a motion to suppress the drugs seized and did not bring on appeal the claims Petitioner now raises regarding the United States' alleged lack of jurisdiction and the unconstitutionality of 46 U.S.C. § 70504(a). (Docket No. 1.) According to Petitioner, the Coast Guard needed a warrant to search the hidden compartment that contained the drugs and was not justified in expanding the scope of the safety inspection. (Id.) However, a motion to suppress the drugs seized would have been without merit. See Bravo, 489 F.3d at 8-9 (citing United States v. Verdugo-Urquidez, 494 U.S. 259, 267 (1990)) (noting that the Fourth Amendment's prohibition against unreasonable searches and seizures "does not apply to activities of the United States against aliens in international waters"). Likewise, claims regarding the United States' lack of jurisdiction and the invalidity of 46 U.S.C. § 70504(a) are without merit. See supra Part III.A-B. He was consequently under no obligation to raise these meritless claims. See Acha, 910 F.2d at 32 (citing McMann, 397 U.S. 759)).

Civil No. 08-2297 (JAF)                                                -10-

Because we dismiss all of Petitioner's claims, we likewise deny his request for a hearing. See Rodríguez Rodríguez, 929 F.2d at 749-50 (quoting Dziurgot, 897 F.2d at 1225); 28 U.S.C. § 2255(b).

## IV.
## Conclusion

For the foregoing reasons, we **DENY** Petitioner's § 2255 motion. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of August, 2009.

                          S/José Antonio Fusté
                          JOSE ANTONIO FUSTE
                          Chief U.S. District Judge