|  |  |
|---|---|
| UNITED STATES DISTRICT COURT  DISTRICT OF PUERTO RICO | |
| ALCIDES RODRÍGUEZ-DURÁN,  Petitioner,  v.  UNITED STATES OF AMERICA,  Respondent. | Civil No. 08-2297 (JAF)  (Crim. No. 05-309) |

**O R D E R**

Petitioner, Alcides Rodríguez-Durán, requests a certificate of appealability ("COA") from this court to appeal our denial of his 28 U.S.C. § 2255 petition. (Docket No. 11.)

To appeal a final order of the district court in a § 2255 proceeding, a petitioner must first obtain a COA, 28 U.S.C. § 2253(c)(1)(B), which may issue from the district court, Grant-Chase v. Comm'r, N.H. Dep't of Corr., 145 F.3d 431, 435 (1st Cir. 1998). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

On October 28, 2005, Petitioner was convicted of violations of the Maritime Drug Law Enforcement Act ("MDLEA"). (Crim. No. 05-309, Docket No. 133.) He and his codefendants unsuccessfully challenged their convictions in a consolidated appeal. United States v. Rodríguez-Durán, 507 F.3d 749 (1st Cir. 2007). Petitioner

subsequently moved this court for relief under § 2255, alleging lack of jurisdiction and other constitutional infirmities at trial. (Docket No. 1.) Petitioner argued that the government must demonstrate a nexus between the United States and the alleged crime as a prerequisite to subject-matter jurisdiction under the MDLEA. (Docket No. 1-2.) Relying on the "law of the case" doctrine, we denied Petitioner's jurisdictional claim because it was an issue that previously had been argued and decided on a codefendant's direct appeal. (Docket No. 9.)  The First Circuit, addressing codefendant Morelis-Escalona's argument on direct appeal, held that if the flag nation has consented to jurisdiction, then due process does not demand such a nexus as a prerequisite to subject-matter jurisdiction under the MDLEA. Rodríguez-Durán, 507 F.3d at 761.

In the present application for COA, Petitioner argues that we misapplied the "law of the case" doctrine when we denied his jurisdictional claim. (Id.)  Petitioner attempts to differentiate his claim from the claim decided on appeal; he challenges the constitutionality of the First Circuit jurisprudence rejecting a nexus requirement, whereas Morelis-Escalona claimed that the government had not presented sufficient evidence to establish such a nexus. (Docket No. 11 at 3-4.)  This distinction is illusory.

The Court of Appeals disposed of Morelis-Escalona's claim with a clear statement of the constitutionality of MDLEA subject-matter jurisdiction. Rodríguez-Durán, 507 F.3d at 761.  The First Circuit, citing a decade's worth of jurisprudence, directly quoted the following language: "[D]ue process does not require the government to prove a nexus between a defendant's criminal conduct and the United

Civil No. 08-2297 (JAF)                                                    -3-

States in a prosecution under the MDLEA when the flag nation has consented to the application of United States law to the defendants." Id. at 762 (quoting United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999)). Thus, the consolidated appeal of Petitioner's conviction clearly established the "law of the case" regarding the constitutional question at issue – whether, despite a flag nation's consent, due process requires a nexus between the crime alleged and the United States before jurisdiction may attach under the MDLEA. Consequently, Petitioner's § 2255 claim that MDLEA jurisdiction without a nexus necessarily violates constitutional due process was foreclosed. Because our denial of this jurisdictional claim followed clearly-established precedent (Docket No. 9), reasonable jurists would not find our assessment of the constitutional claims in Petitioner's § 2255 petition to be debatable or wrong. See Miller-El, 537 U.S. at 338.

Accordingly, we hereby **DENY** Petitioner's request for a COA under 28 U.S.C. § 2253 (Docket No. 11).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of November, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge